UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LAURIE STEELE,**

  **Plaintiff,**

 v.

  Case No 2:23-cv-3335
  JUDGE EDMUND A. SARGUS, JR.
  Magistrate Judge Chelsey M. Vascura

**NATIONWIDE CHILDREN'S HOSPITAL,**

  **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Nationwide Children's Hospital's Motion to Dismiss Plaintiff Laurie Steele's Complaint. (Mot., ECF No. 3.) For the reasons stated below, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion.

## FACTUAL BACKGROUND

Plaintiff alleges that Defendant violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e), *et seq.*), Ohio Revised Code § 4112.02, the Age Discrimination in Employment Act ("ADEA," 29 U.S.C. § 621, *et seq.*), and Ohio Revised Code § 4112.14. (Compl., ECF No. 1, PageID 13–16.) Plaintiff claims that Defendant failed to provide Plaintiff with required religious accommodation, failed "to engage in an interactive process to determine and provide reasonable accommodation," and treated "younger individuals preferentially in accommodation requests." (*Id.* ¶ 1.)

Plaintiff worked for Defendant from May 20, 1985, to October 13, 2022, as a pediatric dialysis nurse. (*Id.* ¶¶ 9–10, 46.) Plaintiff alleges that she was "an employee in good standing, with ongoing positive work reviews throughout her employment history with NCH." (*Id.* ¶ 11.) Plaintiff claims that in August 2021, Defendant required all employees to receive any one of the three, then-

available COVID-19 vaccinations or seek a medical or religious exemption ("Vaccine Mandate"). (*Id.* ¶ 13.) Defendant's Vaccine Mandate originated from the U.S. Department of Health and Human Services, Center for Medicaid Services, and Joint Commission Requirements, which required all healthcare workers to receive a COVID-19 vaccine. (ECF No. 3-1; Mot. PageID 26; Compl. ¶ 15.)

Plaintiff asserts that she submitted a religious exemption request on February 7, 2022, and her request was "treated differently and processed in a discriminatory way." (*Id.* ¶¶ 16–17.)

In Plaintiff's religious exemption request, she stated that "it is very important to me that I follow my moral conscience." (*Id.* ¶ 17.) Plaintiff quoted Romans 14:5 and stated that "the Apostle Paul encouraged believers to be fully convinced in one's mind when making decisions of conscience." (*Id.*) Plaintiff also stated that "her conscience strongly told her that introducing the Covid vaccine into her body is wrong. God created our bodies with functional immune systems to fight off viruses such as SARS-cov-2." (*Id.*) Plaintiff stated: "I strongly believe that God does not intend our bodies to be humanly manipulated to manufacture the very same disease protein that causes Covid-19 disease and that programming our bodies to produce a toxin defiles the functioning of the immune system." (*Id.*) Plaintiff stated that she "clarified that introducing an antigen through a vaccine is very different from instructing your body to produce the antigen (like the COVID-19 vaccines)." (*Id.*)

Plaintiff's request was denied on February 10, 2022, because she "had not provided sufficient information that her religious beliefs prohibited her from receiving the covid vaccine." (*Id.* ¶ 19.) Defendant informed Plaintiff that she would be placed on unpaid leave, moved to contingent status, and have her position posted if she did not receive the vaccine. (*Id.*) Defendant placed Plaintiff on unpaid administrative leave on February 15, 2022, because she refused to

2

receive the vaccine. (*Id.* ¶ 22.)

Counsel for Plaintiff and Defendant exchanged correspondence regarding the denial of Plaintiff's religious accommodation request. (*Id.* ¶¶ 25, 29–30, 32, 34.) Plaintiff's counsel demanded that Defendant grant Plaintiff a religious exception. (*Id.* ¶ 25.) Defendant's counsel responded that Defendant denied Plaintiff's request because she "failed to identify a specific conflict between her religious beliefs and the COVID vaccine requirement," and she could receive the J&J vaccine without violating her religious beliefs. (*Id.* ¶ 29.) Defendant's counsel explained that the J&J vaccine was not an mRNA vaccine and her objection to her body being "manipulated to produce a disease-causing protein and/or toxins" constituted an objection only to the mRNA vaccines, not the J&J vaccine. (*Id.* ¶ 34.) Defendant terminated Plaintiff effective October 13, 2022, for failing to receive the COVID-19 vaccine. (*Id.* ¶¶ 44, 46.)

Plaintiff alleges that she was over 40 years old when Defendant terminated her employment. (*Id.* ¶ 10.) Plaintiff states that younger co-workers received accommodations and she did not. (*Id.* ¶¶ 49–51.) Plaintiff alleges that one of her younger co-workers, age 26, received an exemption. (*Id.* 49.) Plaintiff claims that two younger co-workers were first denied a religious exemption and then later granted one. (*Id.* ¶ 50–51.)

**PROCEDURAL BACKGROUND**

Plaintiff's Complaint includes five causes of action: (1) Violation of Title VII, 42 U.S.C. § 2000(e), *et seq.*, Religious Discrimination – Failure to Accommodate; (2) Violation of Title VII, 42 U.S.C. § 2000(e), *et seq.*, Religious Discrimination – Retaliation; (3) Violation of R.C. § 4112.02, Religious Discrimination in Employment; (4) Violation of the ADEA, 29 U.S.C. § 621 *et seq.*, Disparate Treatment; and (5) Violation of R.C. § 4112.14, Age Discrimination in Employment. (*Id.* ¶¶ 54–88.)

Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil

3

Procedure 12(b)(6). (Mot.) Plaintiff responded in opposition (Resp., ECF No. 5), and Defendant filed a reply in support of its Motion (Reply, ECF No. 6). This matter is now ripe for the Court's review.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (clarifying plausibility standard articulated in *Twombly*). Further, "[a]lthough for purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly,* 550 U.S. at 555) (internal quotations omitted).

A court may consider the following when considering a motion to dismiss:

> (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice.

*Bd. of Trustees of Plumbers, Pipefitters & Mech. Equip. Serv., Loc. Union No. 392 Pension Fund v. J & H Mech. Contractors, Inc.*, No. 1:10-CV-410, 2011 WL 5037208, at *3 (S.D. Ohio Oct. 24, 2011) (Barrett, J.) (citation omitted).

4

## ANALYSIS

Before addressing the substance of Defendant's Motion to Dismiss, the Court first briefly addresses arguments raised by the parties regarding what evidence is appropriate for the Court to consider at this stage. Defendant's Motion includes citations to various websites regarding the COVID-19 pandemic and different vaccine mechanics and attaches its COVID-19 policy as Exhibit 1 ("Policy"). (Mot. PageID 25, 27; ECF No. 3-1.) Plaintiff objects to sections of Defendant's Motion titled "Introduction" and "The Pandemic"; the footnoted material in "The Federal Vaccine Mandate for Healthcare Workers" section; and Defendant's statements regarding Defendant's "core values," "the success and effectiveness of any of the Covid-19 vaccines," "the operational mechanism of any of the vaccines," and "the goals of the Federal Government in implementing the CMS Mandate." (Resp. PageID 46.) Plaintiff argues that the Court cannot accept Defendant's statement that Plaintiff could receive the J&J vaccine without violating her religious beliefs because Plaintiff's Complaint does not plead "that Ms. Steele's objections were to the mRNA vaccines only, nor can this be considered a reasonable inference in the non-moving party's favor." (Resp. PageID 45.) Plaintiff contends that the Court cannot consider Defendant's Policy because it is not central to her claims. (*Id.*)

Defendant counters that the Court should consider the outside sources it referenced because Plaintiff "makes the nature of the COVID-19 vaccines a central part of her allegations." (Reply PageID 58.) Defendant also argues that the Court should consider the Policy because Plaintiff references it throughout her Complaint. (*Id.* PageID 57.)

As Plaintiff need only plausibly allege her religious opposition to COVID-19 vaccines at the motion to dismiss stage, the Court will not evaluate the scientific differences between vaccines at this stage. The Court will consider the Policy because Plaintiff referred to it in her Complaint and it is central to her claims.

5

Turning to substance of Defendant's Motion, the Court addresses each Count below.

I.  **Count I: Title VII, Religious Discrimination – Failure to Accommodate**

Defendant argues that Plaintiff failed to establish a *prima facie* case of failure to accommodate religious discrimination by failing to allege sufficient facts that her religious belief conflicted with an employment requirement. (Mot. PageID 30–32.) Defendant claims that Plaintiff's religious accommodation submission constituted an objection only to the mRNA vaccines, Moderna and BioTech, not the viral vector vaccine, J&J. (*Id.* PageID 31.) As receiving the J&J vaccine would have satisfied Defendant's employment requirement, Defendant states that Plaintiff "could have adhered to her stated religious beliefs" and still complied with its vaccine requirement. (*Id.*)

Plaintiff counters that she plausibly alleged her failure to accommodate claim and the *prima facie* case is an evidentiary standard. (Resp. PageID 50.) Plaintiff states that her religious accommodation request was for all three vaccines, and she could not receive the J&J vaccine while still adhering to her religious beliefs. (Resp. PageID 47–48.)

Under Title VII, it is unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a). The failure to accommodate theory under Title VII applies when "an employer discharges (or otherwise discriminates against) an employee for failing a job-related requirement instead of abiding by its statutory obligation to make reasonable accommodation for the religious observances of its employees." *Sturgill v. Am. Red Cross*, No. 24-1011, __F.4th__, 2024 WL 3886589, at *3 (6th Cir. Aug. 21, 2024) (citation and quotation omitted). To be successful on a failure to accommodate theory, a plaintiff must allege that she (1) holds a sincere religious belief that conflicts with an employment requirement; (2) has informed the employer of

6

the conflict; and (3) was discharged or disciplined for failing to comply with the requirement. *Lister v. Def. Logistics Agency*, No. 2:05-CV-495, 2006 WL 162534, at *5 (S.D. Ohio Jan. 20, 2006) (citing *Smith v. Pyro Mining Co.*, 827 F.2d 1081, 1085 (6th Cir. 1987)). "A plaintiff does not have to allege specific facts establishing a *prima facie* case of discrimination in their complaint," and "the *prima facie* case is an evidentiary standard, not a pleading requirement." *Savel v. MetroHealth Sys.*, 96 F.4th 932, 943 (6th Cir. 2024) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002)).

Defendant does not appear to contest that Plaintiff alleges she informed it of the conflict between her religious belief and the Policy, or that she was terminated for failing to comply with an employment requirement. Plaintiff plausibly alleged these elements—she alleges that she informed Defendant of her religious objection to the COVID-19 vaccine and that she was terminated for failing to receive the vaccine. (Compl. ¶¶ 17, 35, 46.)

Instead, Defendant disputes that Plaintiff alleges a sincerely held religious belief that was in conflict with an employment requirement. The Court disagrees and finds that Plaintiff has plausibly alleged this element. Plaintiff alleges that in her religious exemption request, she quotes Romans 14:5 and states that "the Apostle Paul encouraged believers to be fully convinced in one's mind when making decisions of conscience." (*Id.* ¶ 17.) Plaintiff also states that "her conscience strongly told her that introducing the Covid vaccine into her body is wrong. God created our bodies with functional immune systems to fight off viruses such as SARS-cov-2." (*Id.*) Plaintiff states that "I strongly believe that God does not intend our bodies to be humanly manipulated to manufacture the very same disease protein that causes Covid-19 disease and that programming our bodies to produce a toxin defiles the functioning of the immune system." (*Id.*) Plaintiff states that she "clarified that introducing an antigen through a vaccine is very different from instructing your

7

body to produce the antigen (like the COVID-19 vaccines)." (*Id.*)

As explained above, the Court will not address the mechanics of the particular vaccination methods at this early stage of litigation. Such arguments go to fact issues more appropriate at the summary judgment stage—i.e., what exactly Plaintiff's religious beliefs were and whether such beliefs indeed conflicted with her employer's requirements. "Given that the *prima facie* case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases." *Swierkiewicz*, 534 U.S. at 512 (2002).

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss Count I.

## II. Count II: Title VII, Religious Discrimination – Retaliation

Defendant argues that Count II should be dismissed because Plaintiff was not qualified to work for Defendant. (Mot. PageID 32.) Defendant states that Plaintiff's job qualifications included receiving one of the three then-available COVID-19 vaccines, pursuant to the Vaccine Mandate, or obtaining a religious exemption. (*Id.*) Defendant claims that Plaintiff did not have a religious objection to the J&J vaccine and "chose not to take it anyway." (*Id.*) Her failure to be vaccinated or obtain an exemption brought her out of compliance with the Vaccine Mandate, and therefore, out of compliance with her job requirements. (*Id.*) Plaintiff counters that she alleges that she was qualified for her position, as alleged in the Complaint. (Resp. PageID 51.)

To assert a religious discrimination retaliation claim, Plaintiff must plausibly allege that "(1) she engaged in protected activity, (2) the exercise of her protected activity was known to her employer, (3) the employer took an adverse employment action against her, and (4) there was a causal connection between the employee's protected activity and the adverse employment action." *Prida v. Option Care Enterprises, Inc.*, No. 5:23-CV-00905, 2023 WL 7003402, at *6 (N.D. Ohio Oct. 24, 2023).

8

Plaintiff has met her burden and plausibly alleged a religious discrimination retaliation claim. Plaintiff alleges that she engaged in the protected activities of seeking a religious exemption to Defendant's COVID-19 vaccine requirement and refusing the vaccine based on her religious beliefs. (Compl. ¶¶ 64–65); *O'Connor v. Lampo Grp., LLC*, No. 3:20-CV-00628, 2021 WL 4480482, at *10 (M.D. Tenn. Sept. 29, 2021) ("[T]he Court will construe protected conduct also to include requesting an accommodation for her religious beliefs."); *Bryson v. Regis Corp.*, 498 F.3d 561, 577 (6th Cir. 2007) (accepting Plaintiff's argument that for purposes of a disability retaliation claim, "she engaged in statutorily protected conduct by requesting an accommodation"). Defendant knew that she engaged in those protected activities. (Compl. ¶¶ 17, 44, 46.) And she was terminated as a result of refusing the vaccine based on her religious belief. (*Id.* ¶¶ 68–70.)

Rather, Defendant cites to *Benjamin v. Schuller*, 400 F. Supp. 2d 1055, 1084 (S.D. Ohio 2005) and *Cleveland v. S. Disposal Waste Connections*, 491 F. App'x 698, 706 (6th Cir. 2012) for the proposition that "under federal and Ohio law, a plaintiff alleging retaliation or discrimination must demonstrate that she is 'qualified' for the job." (Mot. PageID 32.) However, Defendant's arguments regarding Plaintiff's qualifications are premature and more appropriate for the summary judgment stage.

Plaintiff has alleged she was qualified for her job—she alleges she worked for Defendant for more than 35 years and received positive work reviews throughout that time. (Compl. ¶¶ 9, 11.) Defendant's argument is really that she became unqualified for her job by virtue of her failure to become vaccinated or obtain an exemption. (S*ee* Mot. PageID 32.) However, those arguments are intertwined with fact issues about Plaintiff's religious beliefs and the mechanics of the particular vaccination methods and therefore more appropriate for summary judgment. At the summary judgment stage, not here, Plaintiff must establish a *prima facie* case of employment

9

discrimination to proceed, and the parties can argue the *McDonnell Douglas* burden-shifting test and about whether Plaintiff was qualified. *See* 411 U.S. 792 (1973); *Cleveland*, 491 F. App'x at 704, 706 (court evaluated whether an employee was qualified at the summary judgment stage); *Benjamin*, 400 F. Supp. 2d at 1082–84 (same).

Accordingly, Defendant's Motion to Dismiss Count II is **DENIED**.

### III. Count III: R.C. § 4112.02, Religious Discrimination in Employment

Under Ohio Revised Code § 4112.02, it is unlawful for an employer to "discharge [an employee] without just cause" because of their religion. R.C. § 4112.02(A). Defendant states that its argument for moving to dismiss Count III is the same for Count II. (Mot. PageID 32.) Plaintiff's response is the same for Count II and Count III.

Accordingly, for the same reasons Defendant's Motion to Dismiss is denied as to Count II, it is **DENIED** for Count III. Plaintiff has plausibly alleged a religious discrimination claim under R.C. § 4112.02(A). She refused the COVID-19 vaccines based on her religious belief and was terminated as a result.[1] (Compl. ¶¶ 64–65, 68–70.)

### IV. Count IV: ADEA, Age Discrimination – Disparate Treatment

Defendant argues that Plaintiff's age discrimination claim fails because she does not establish that she was qualified for her job or that Defendant treated a similarly situated younger employee better than her. (Mot. PageID 33–34.) Defendant claims that Plaintiff must allege that "a younger worker was approved for a complete exemption, in spite of submitting a written exemption request for [sic] indicating that he or she could receive at least one of the vaccines without compromising his or her religious belief." (*Id.* PageID 34.) Defendant argues that Plaintiff

---

[1] To the extent Plaintiff pleads both a failure to accommodate and retaliation claim in Count III, she has plausibly alleged both claims for the reasons articulated in Section I and II. (Compl. ¶¶ 71–77.)

10

only provided examples of younger, unnamed coworkers who received a religious exemption. (*Id.*)

Plaintiff counters that she was qualified for her job and that she provided three examples of "other younger employees [who] were permitted to forego Covid-19 vaccination and keep their jobs even though some were initially denied accommodation." (Resp. PageID 52–53.) Plaintiff further argues that "[i]f these unvaccinated employees were still qualified to work their jobs without a Covid shot, then Defendant's argument that [Plaintiff] was unqualified for her position due to being unvaccinated holds no weight." (*Id.* PageID 53.)

The ADEA makes it unlawful to "discharge . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff must show that "(1) she was over 40 years old; (2) she suffered an adverse employment action; (3) she was qualified for the position she held; and (4) she was either replaced by a person outside the protected class or treated differently than similarly-situated individuals." *Smith v. Wrigley Mfg. Co., LLC*, 749 F. App'x 446, 448 (6th Cir. 2018) (citation omitted). Again, "[a]t the pleading stage, [a] plaintiff is not required to establish a *prima facie* case of age discrimination, but need only plead the statutory and factual bases to plausibly state a claim for age discrimination." *Herbert v. KC Robotics, Inc.*, No. 1:23-CV-633, 2024 WL 3925673, at *7 (S.D. Ohio Aug. 21, 2024) (Litkovitz, M.J.) (citing *Swierkiewicz*, 534 U.S. at 511–12).

Plaintiff does not sufficiently allege an age discrimination disparate treatment claim. Although Plaintiff has plausibly alleged that she is over 40 years old, suffered an adverse employment action, and was qualified for her position (Compl. ¶¶ 10–11, 46), Plaintiff fails to allege that she was treated differently than similarly situated employees.

"To be 'similarly situated,' the other employees must have dealt with the same supervisor,

11

have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the defendant's treatment of them for it." *Vandine v. Trinity Health Sys.*, No. 2:14-CV-1242, 2015 WL 5216715, at *5 (S.D. Ohio Sept. 8, 2015) (Graham, J.).

Plaintiff does not allege any facts regarding how she and the three younger employees who were purportedly treated better than her were similarly situated beyond the allegation that those employees were her co-workers and also submitted an accommodation request. (Compl. ¶¶ 49–51.) Plaintiff does not allege what positions these younger co-workers held, whether they reported to the same supervisor, or whether they were subject to the same standards. A pediatric dialysis nurse like Plaintiff has significantly different responsibilities, particularly during a pandemic, than, for example, a front desk or information technology employee. Nor does Plaintiff allege what type of exemption her younger co-workers received, medical or religious. (*Id.* ¶ 49.) Further, the Plaintiff does not allege any details about the basis of those co-worker's religious exemption requests and how those requests were similar or different to her request.

Accordingly, Defendant's Motion to Dismiss Count IV is **GRANTED**.

**V.   Count V: Violation of R.C. § 4112.14, Age Discrimination in Employment**

"Age discrimination claims brought under Ohio law are analyzed under the same standards as claims brought under the ADEA." *Harmon v. Honeywell Intelligrated*, No. 1:19-CV-670, 2020 WL 10321757, at *7 (S.D. Ohio Sept. 14, 2020) (Litkovitz, M.J.) (citing *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 283 (6th Cir. 2012)), *report and recommendation adopted*, No. 1:19-CV-670, 2021 WL 2373662 (S.D. Ohio June 10, 2021) (Cole, J.). Defendant states that its reasoning for moving to dismiss Count V is the same as for Count IV. (Mot. PageID 33–34.) Plaintiff's response is the same for Count IV and Count V. (Resp. PageID 52–54.)

Accordingly, Defendant's Motion to Dismiss Count V is **GRANTED**.

## CONCLUSION

For the reasons stated herein, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss (ECF No. 3). Plaintiff's age discrimination claims under federal and state law (Counts IV and V) are **DISMISSED**, but Plaintiff **MAY PROCEED** on her religious discrimination claims (Counts I, II, and III).

This case remains open.

**IT IS SO ORDERED.**

| | |
|---|---|
| **9/26/2024** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |